WILLIAM ZIEHEN, Respondent, v. DAVID J. SMITH, Appellant, Impleaded with Another.

| 73  571
| 148a 558

*Tender in an action for the breach of a contract of sale — fraudulent representations — recovery of the purchase price.*

Performance or an offer to perform by the plaintiff is necessary in an action brought for the recovery of damages arising out of a breach of a contract, but no tender is necessary where the performance is waived, or is made impossible of execution by the person against whom the damages are claimed.

Where a person agreed to sell property to another for a certain price, and made a representation that there was only one mortgage of a certain amount thereon, when, in fact, to his own knowledge, there was a second mortgage thereon, and the proposed purchaser paid a portion of the purchase price, the fraud is established by proof of the falsehood as to the second mortgage, and the right to recover back the payment is instantaneous with proof of the fraud.

APPEAL by the defendant David J. Smith from a judgment of the County Court of Rockland county in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 6th day of February, 1893, upon the verdict of a jury for $536.25, and also from an order entered in said clerk's office on the 3d day of April, 1893, denying the defendant's motion to set aside the verdict, and for a new trial made upon the minutes.

*Snider & Hopper,* for the appellant.

*Abram A. Demarest,* for the respondent.

BARNARD, P. J.:

On the 10th of August, 1892, David J. Smith made an agreement with the plaintiff to convey certain premises to him in Rockland county, for $3,500. The conveyance was to be subject to a mortgage of $1,000. Five hundred dollars was to be paid when the contract was executed, which was done. The defendant John H.

Smith signed the contract for David J. Smith, the owner. The agreement recited that there was only a mortgage of $1,000 on the property, while, in fact, to the knowledge of both defendants, there was an additional mortgage of $1,500 which swept the title away from the defendant, the owner. The plaintiff has obtained no conveyance, and has had no repayment to him of the $500. The $1,500 mortgage was in course of foreclosure when the $500 was paid, and the property was sold in December thereafter. The contract was proven on the trial, the payment of the $500, the foreclosure and sale under the $1,500 mortgage, and that John H. Smith was an owner of the property, and sold it to David J. Smith in May, 1892. John H. Smith gave the $1,500 mortgage while he had title. The objection made to the plaintiff's recovery is that no offer was made to the Smiths, one or both, to perform; performance or an offer to perform is necessary in cases for damages for breaches of contract; but it is a universal exception that no tender is necessary where the performance is waived or performance is impossible by the party against whom damages are claimed. The fraud was made out by the proof of the falsehood as to the second mortgage. The right to recover the payment arose instantaneously upon proof of the fact which made out the fraud.

The judgment and order denying new trial should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.